FILED
February 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002430781

**4**

1    T. SCOTT BELDEN, CSB NO. 184387
LISA HOLDER, CSB NO. 217752

2    KLEIN, DENATALE, GOLDNER,
      COOPER, ROSENLIEB & KIMBALL, LLP

3    4550 California Avenue, Second Floor
Bakersfield, California 93309

4    Telephone: (661) 395-1000
Fax: (661) 326-0418

5    E-mail: sbelden@kleinlaw.com; lholder@kleinlaw.com

6    Proposed Attorneys for Randell Parker, Chapter 7 Trustee

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 09-61979-A-7 |
| MITCHELL HERBERT ELLIOTT AND DIANE ELLIOTT, | Chapter 7 |
| Debtors. | DC No. KDG-3 |
| | Date: March 10, 2010 |
| | Time: 9:00 a.m. |
| | Place: U.S. Bankruptcy Court, 2500 Tulare Avenue, 5th Fl. Courtroom 11 Fresno, California |
| | Judge: Whitney Rimel |

17             **MOTION FOR ORDER AUTHORIZING TRUSTEE**
**TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION**

18          Randell Parker, Chapter 7 Trustee moves this court for an Order Authorizing Trustee to

19    Sell Personal Property at Public Auction Sale and represents as follows:

20                       **I.**

21                  **INTRODUCTION**

22          The Trustee requests authority to sell the estate's interest in various pieces of

23    equipment, machinery, inventory and vehicles owned by Debtors at public auction on or about

24    March 27, 2010. The Trustee believes that the sale of the estate's interest in the personal

25    property at auction is in the best interest of the estate because the Trustee can avoid the time

26    and expense associated with finding a third party buyer for all of the equipment and the

27    vehicles. Additionally, a sale at auction generates one lump sum for distribution to creditors.

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

## FACTUAL BACKGROUND

1.      Mitchell Herbert and Diane Elliott ("Debtors") filed a Voluntary Petition Under Chapter 7 on December 9, 2009. Randell Parker is the duly qualified, appointed and acting trustee in the case filed by Debtor.

2.      The assets of the estate include, but are not limited to, various pieces of equipment, machinery and inventory associated with Speed A Way Smog Shop – more particularly described in Exhibit "A" attached to the Notice of Hearing, a 1968 Ford Utility Pickup Truck, and a 2001 Ford F-150 Pickup Truck ("the Personal Property").

3.      Debtors did not value or exempt the Personal Property. Jerry Gould has estimated the value of the Personal Property to be between $15,000.00 and $20,000.00. Based on his experience, Mr. Gould estimates that the 1968 Ford Utility Pickup Truck has a value of approximately $1,500.00, the 2001 Ford F-150 Pickup Truck has an estimated value $2,000.00.

4.      The Trustee is informed that Debtors intend to file an amendment to disclose the business equipment, correct the values of the assets and amend their exemptions. Debtors have indicated that they will not claim an exemption in any of the Personal Property.

5.      The Trustee seeks authority to sell the Personal Property at a public auction on or about March 27, 2010 under 11 U.S.C. § 363(b)(1). The court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 363. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (N). The Trustee believes that selling the Personal Property at public auction will yield the best price obtainable for the Personal Property under the circumstances of the Chapter 7 case filed by Debtors.

6.      In order to expedite the sale of the Personal Property, the Trustee entered into an agreement with Jerry Gould of Gould Auction and Appraisal Company, to advertise and manage the auction ("Auctioneer"). According to the agreement between the Trustee and Auctioneer, the fees for professional services rendered by Auctioneer will not exceed 15% of the gross proceeds of the auction plus a one-time reimbursement in the amount of $500.00 for the pick up and storage of the Personal Property. Additionally, Auctioneer may be reimbursed

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1  up to $500.00 for extraordinary expenses he incurs for repair of the Personal Property to ready

2  it for sale.  The Trustee requests authority to pay the Auctioneer up to $500.00 without further

3  order of the court because the Personal Property to be auctioned includes two vehicles which

4  require new batteries, one of which also needs a back window, to obtain the best possible price

5  for the estate.

6        6.      The Personal Property is currently located at the place of Debtors' business

7  and/or their residence.  The Auctioneer is performing an inventory of the Personal Property and

8  moving it to the Auctioneer's business facility located at 30602 Imperial Street, Shafter, CA,

9  93263.  The Trustee is informed that the auction will be conducted at 30764 Imperial Road,

10  Shafter, CA 93263.

11        7.      The Trustee believes that a sale of the Personal Property at public auction is in

12  the best interest of the estate because (a) it would be difficult and costly, administratively, to

13  advertise and locate a buyer for the Personal Property, if such buyer could be located, and (b) it

14  allows the Trustee to generate one lump sum in a short period of time.

15        8.      The details of the compensation to the Auctioneer will be subject to the terms

16  and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to*

17  *Conduct Public Auction.*

18  **III.**

19  **ARGUMENT**

20        9.      11 USC § 363(b)(1) provides that:

21        "The trustee, after notice and a hearing, may use, sell, or lease, other than

22        in the ordinary course of its business, property of the estate . . ."

23  The Trustee has opted to sell the estate's interest in the Personal Property at auction in

24  order to avoid the administrative costs of securing and storing the Personal Property and

25  selling the Personal Property to a third party.

26        10.     The Trustee believes that the sale of the estate's interest in the Personal

27  Property at auction is in the best interest of the estate because it will generate one lump

28  sum in a short period of time and these proceeds can be distributed by the estate and the

estate will not have to incur the costs to market or locate buyers for the Personal

Property.

## IV.

## CONCLUSION

WHEREFORE, the Trustee prays that:

1.    the *Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction* filed by Randell Parker, Chapter 7 Trustee be granted;

2.    he be authorized to sell the Personal Property at public auction pursuant to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction*;

3.    he be authorized to pay Gould Auction and Appraisal Company from the proceeds received from the auction sale;

4.    the 14 day stay of order under Bankruptcy Rule 6004(h) be waived; and

5.    he be given such other relief as the Court deems just and proper.

Dated: February 19, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By_____
T. SCOTT BELDEN, ESQ.
LISA HOLDER, ESQ.
Proposed Attorneys for
Randell Parker, Chapter 7 Trustee

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309